UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOHN BODENDORFER | No. 23 CR 300<br><br>Judge Harry D. Leinenweber |

**PROTECTIVE ORDER GOVERNING DISCOVERY**

Upon the unopposed motion of the government, pursuant to Fed. R. Crim. P. 16(d), it is hereby ORDERED:

1. All of the materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the materials") are subject to this protective order and may be used by defendant and defendant's counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2. Defendant and defendant's counsel shall not disclose the materials or their contents directly or indirectly to any person or entity other than persons employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons"). Potential witnesses and their counsel may be shown copies of the materials as necessary to prepare the defense, but may not retain copies without prior permission of the Court.

3. Defendant, defendant's counsel, and authorized persons shall not copy or reproduce the materials except in order to provide copies of the materials for use in connection with this case by defendant, defendant's counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials.

4. Defendant, defendant's counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

5. Before providing materials to an authorized person, defense counsel must provide the authorized person with a copy of this Order and require the authorized person to acknowledge that the authorized person has received a copy of and reviewed this Order, and has agreed to be bound by its terms and conditions.

6. Certain materials disclosed or to be disclosed by the government contain particularly sensitive information about ongoing investigations, the unrestricted dissemination of which could adversely affect those investigations (the "Sensitive Materials"). The Sensitive Materials shall be plainly marked by the government prior to disclosure. For written materials, the pages that are Sensitive Materials shall be marked. For other items, such as audio or video recordings, the media containing these recordings shall be marked in the same manner.

7.      Neither the Sensitive Materials nor the information contained therein may be disclosed to any persons other than counsel for defendants (defined as counsel of record in this case), without prior notice to the government as described in paragraph 8. Defendant may review the Sensitive Materials at the offices of his counsel but may not copy or otherwise retain the Sensitive Materials or any portions thereof. Absent prior permission from the Court, Sensitive Materials shall not be included in any public filing with the Court, and instead shall be submitted under seal.

8.      Defendant shall provide notice to the government of the name and affiliation of any expert or investigator he seeks to provide copies of Sensitive Materials. The government shall have ten days to notify the defendant of any objection. If the government objects, either party may seek redress from the Court. Defendant shall not provide Sensitive Materials or the information contained therein to any expert or investigator before the ten days have elapsed or any objection is resolved by the Court.

9.      Counsel for the defendant and any experts or investigators authorized to receive Sensitive Materials (collectively, "Sensitive authorized persons") shall not copy or reproduce the materials except in order to provide copies of the materials for use in connection with this case by Sensitive authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials.

10. Sensitive authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the Sensitive Materials, other than to Sensitive authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

11. The government and counsel for the defendant will work in good faith to resolve any disagreement on whether certain material was properly designated as Sensitive Materials. If the parties cannot reach agreement, counsel for the defendant may seek relief from the Court.

12. Upon conclusion of all stages of this case, all of the materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The materials may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's case file. The Court may require a certification as to the disposition of any such materials. In the event that the materials are retained by defense counsel, the restrictions of this Order continue in effect for as long as the materials are so maintained, and the materials may not be disseminated or used in connection with any other matter without further order of the Court.

13. To the extent any material is produced by the United States to defendant or defendant's counsel by mistake, the United States shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, defendant and/or defendant's counsel shall return all

4

such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

14. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case.

15. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

SO ORDERED.

_____
HARRY D. LEINENWEBER
District Judge
United States District Court
Northern District of Illinois

Date: 6/8/2023

5